DUCKER, JUDGE:
Claimant, Chesapeake & Ohio Railway Company, alleges damages in the sum of $1297.20 by reason of a derailment of a car containing a load of gravel near Surveyor, West Virginia, on August 5, 1968, the car having been placed on a railroad siding for delivery of the gravel to the State Road Commission and having been derailed and overturned in an attempt on the part of a State Road Commission employee to move the car from the place it had been spotted on the siding to the place on the siding where it was to be unloaded. The amount of damages, which is undisputed, is based on the cost of the repairs to the car. The respondent claims the brakes on the oar were faulty and did not function when applied.
The claimant had placed the car, which was coupled with another car on the siding, and the testimony is to the effect that someone, presumably one connected with the State Road Commission, uncoupled the cars with a Road Commission employee on the brake end of the car to manage the removal of the car to the place of unloading. The witness testified that after the car was uncoupled from the car to which it was coupled on the siding, it drifted about twelve feet and hit gravel on the track and stopped at a point about ten feet from the point for unloading; that when the car stopped someone with a pinch bar behind it started it to rolling again, and that when the Road Commission employee tried to apply the brakes, the brakes failed to check or stop the car which proceeded down the track until it derailed and overturned.
*141 The claimant had no witness to the accident but offered evidence to describe the type of brake on the car and its normal functioning, and also as to the nature and cost of the repairs, that in repairing the oar no defect was discovered in the brake mechanism.
The respondent’s only witness testified that he had worked in and around coal mines for about twenty-three years and had had experience in unloading and “dropping” railroad cars. As to who uncoupled the car and who used the pinch bar, the evidence does not show. The defense depends solely on the evidence of the employee to the effect that when he attempted to apply the brake it didn’t hold.
The result of this case depends on whether the claimant was guilty of negligence in leaving a car with faulty brakes for the respondent to move and unload, or whether the respondent was negligent in not discovering such faulty condition of the brakes before or during its attempt to move the car to its place of unloading.
The relationship of the parties is one of bailor and bailee, and it is fundamental in this type of bailment that a bailee must return to the bailor the bailment property in the condition it was in at the time of the bailment, usual wear and tear excepted. Proof of the delivery of possession of the car to the bailee constituted a prima facie case on the part of the bailor, whereupon the obligation to prove the damages to the car was not the fault of the bailee shifted to the bailee. Prettyman v. Hopkins Motor Company, 139 W. Va. 711, 81 S. E. 2d 78; 8 Corpus Juris Secundum 518.
From ¡the evidence it appears that 'there was nothing done at the time the oars were uncoupled or as the oar drifted to a stop on account of gravel on the track, and that the only attempt to apply the brake or see if it was in working order was 'after a pinch bar was used to start the car moving again. The witness testified that evidently a chemical car to which the gravel oar was attached was the only thing holding the gravel oar before the latter was uncoupled. If that were the case, then it appears to us that respondent’s employee by an examination of the brake ¡art the time of the uncoupling should have known or been able to determine the condition of the *142 brake on the gravel oar. While the respondent’s employee may have thought it unnecessary to 'apply the brake before the oar reached the gravel it does not seem reasonable for one handling a loaded oar on a down grade to wait to be stopped by gravel on the track. We think there was a greater burden on the respondent to take oare of the bailment property than was done in 'this instance, and that the respondent 'has not borne the burden required of it according to law.
Accordingly, we are of the opinion that the claimant is entitled to recover its damages, 'and we hereby award the claimant, Chesapeake & Ohio 'Railway Company, the sum of $1297.20.
Award of $1297.20.